1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   BRYAN HABIBI,                                    CASE NO. 1:11-cv-00822-GBC (PC)

10                        Plaintiff,                 ORDER GRANTING PLAINTIFF'S
                                                     MOTION FOR LEAVE TO AMEND
11          v.

12   WASCO   STATE   PRISON   RECEPTION (Doc. 8)
     CENTER, et al.,
13
                              Defendants.
14   _____/

15

16          Plaintiff Bryan Habibi ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17   in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 20, 2011, Plaintiff filed his original

18   complaint.  (Doc. 1).  On July 22, 2011, Plaintiff filed a motion seeking leave to file his first

     amended complaint.  (Doc. 8).
19
            Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
20
     pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,
21
     a party may amend only by leave of the court or by written consent of the adverse party, and leave
22
     shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, a responsive
23
     pleading has not been served and Plaintiff has not previously amended his complaint.  Therefore,
24
     Plaintiff may file an amended complaint without leave of the Court.
25
            In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P.
26
27   8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

28   constitutional or other federal rights, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948-49 (2009).  "The

1

inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citations omitted).  Finally, an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend filed on July 22, 2011, is GRANTED.  (Doc. 8).


IT IS SO ORDERED.

Dated:     October 13, 2011

UNITED STATES MAGISTRATE JUDGE