# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN HABIBI, | CASE NO. 1:11-cv-00822-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FAILURE TO PROSECUTE |
| v. | |
| WASCO STATE PRISON RECEPTION CENTER, et al., | |
| Defendants. / | |

Plaintiff Bryan Habibi ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 20, 2011, Plaintiff filed his original complaint. Doc. 1. On October 13, 2011, the Court granted Plaintiff's motion to file an amended complaint. Doc. 9. However, On November 2, 2011, the order was returned to the court by the United States Postal Service with a notation that plaintiff paroled from prison.

A pro se plaintiff has an affirmative duty to keep the court and opposing parties apprised of his or her address. Local Rule 182(f). If the plaintiff moves and fails to file a notice of change of address, service of court orders at the plaintiff's prior address shall constitute effective notice. *Id.* If mail directed to the plaintiff is returned by the U.S. Postal Service as undeliverable, the court will not attempt to re-mail it. If the address is not updated within sixty-three days of the mail being returned, the action is to be dismissed for failure to prosecute. Local Rule 183(b).

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious

1

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

'The public's interest in expeditious resolution of litigation always favors dismissal.' *Pagtalunan v. Galaza*, 291 F.3d 639, 642  (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff is obligated to comply with the Local Rules and was informed via court order regarding the need reply to the order to show cause.  The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay.  Therefore, the third factor weight in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal.  *Id.* at 643.  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted), as is the case here.

///

///

1 | Accordingly, the Court finds that dismissal is the appropriate sanction and ORDERS that this
2 | action be DISMISSED, WITHOUT PREJUDICE, for failure to prosecute.

IT IS SO ORDERED.

Dated:    January 9, 2012

_____
UNITED STATES MAGISTRATE JUDGE